SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

AUG 2 5 2008

J. T. NOBLIN, CLERK
BY _____ DEPUTY

## IN THE UNITED STATES FEDERAL DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**LARRY L. MCDOUGALD**                                   **PLAINTIFF**

**VERSUS**                             **CASE NUMBER:** 1:08CV450LG-RHW

**HARRISON COUNTY, MISSISSIPPI,**                        **DEFENDANTS**
**by and through it Board of supervisors**
**HARRISON COUNTY SHERIFF**
**DEPARTMENT, SHERIFF GEORGE**
**PAYNE, officially and in his individual**
**capacity, CAPTAIN RICK GASTON, officially**
**and in his individual capacity, DEPUTY**
**BRODERICK FULTON, officially and in his individual capacity,**
**AND OTHER UNKNOWN JOHN and**
**JANE DOES A-Z, also in their official and individual capacities**

### COMPLAINT
### (THE PLAINTIFF DEMANDS A TRIAL BY JURY)

Comes Now, the Plaintiff, LARRY L. MCDOUGALD, in the above styled and numbered civil action, by and through his counsel of record, Michael W. Crosby, who files this his Complaint against the aforementioned Defendants. In support of the same, the Plaintiff states, avers and gives notice of the following:

### PRELIMINARY STATEMENT

1. This is a Federal Civil Rights action brought as a result of a blatant violation of, inter alia, the federal civil, constitutional and human rights of the Plaintiff, Larry McDougald, who while in the

custody of the Harrison County Sheriff Department, on or about August 25, 2005, was beaten,

punched, and kicked so severely that he later needed emergency room medical attention which he

received at Memorial Hospital at Gulfport.  His injuries were so severe and resulted in a broken

jaw bone. As a direct and proximate consequence of the injuries the Plaintiff received at the

hands of certain law enforcement officers, one of whom has now been convicted on federal

criminal charges related thereto, he sustained severe, extreme and aggravating injuries to his

head, face, hand, and body as a whole and internal organs.  Furthermore, as a direct and

proximate consequence of the beating sustained by the Plaintiff, the Plaintiff's right under

certain federal statutes, to include 42 U.S.C. Sections 1983, 1985, and 1986, together with certain

rights under the Constitutions of the United States of America and the State of Mississippi were

violated. Therefore, the Plaintiff, Larry L. McDougald, files this action and prays for the relief set

forth in the following paragraphs.

## STATEMENT OF THE FACTS

2. For years prior to August 25, 2005, individuals arrested and/or detained in the booking room

of the Harrison County Adult Detention Center (Harrison County Jail) were subjected to

unnecessary and unreasonable violence at the hands of various deputies and law

enforcement/police officers, some associated with the Harrison County Sheriff's department and

other members of local municipal police departments. The abuse, for the most part, was directed

at and exploded upon those detainees who failed to obey the instructions given to them by law

enforcement personnel in the exact manner that the booking officers thought that they should act.


## PARTIES

3. The Plaintiff is an adult citizen of the United States of America and the State of Mississippi wherein he resided in Harrison County. The injuries inflicted upon the Plaintiff were done while he was being held on a charge in the Harrison County Adult Detention Center in Gulfport, Mississippi, while the Center was under the supervision and control of Harrison County, Mississippi and Sheriff George Payne.

4. The Defendant, Harrison County, Mississippi, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Harrison County Sheriff Department.  This Defendant may be served with process by effecting the same upon the president of the Board of Supervisors, and/or the Chancery Clerk for Harrison County, Mississippi, Mr. John Mc Adams at Harrison County Courthouse in Gulfport, Mississippi.

5.  The Defendant, the Harrison County Sheriff Department, is a political entity or subdivision organized to provide security and safety to and for the citizens of Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

6.  The Defendant, George Payne, is an adult resident citizen of Harrison County, Mississippi, First Judicial District.  At all times material hereto this Defendant was the duly elected Sheriff of Harrison County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Harrison County, Mississippi, to include the Plaintiff.  The Defendant is sued in his official and his individual capacities.  He may be served with lawful process of this court.

7. The Defendant, Captain Rick Gaston, Booking Supervisor, is an adult resident citizen of Harrison County, Mississippi. He is sued in his official and individual capacities.  At all times

material hereto he was employed by the Defendants, Harrison County, Mississippi, Sheriff

George Payne and/or the Harrison County Sheriff Department, and he was in charge of devising

policies and procedures regarding the booking process, the handling of persons being detained

and/or processed in booking, supervising the booking personnel, implementing and enforcing

such policies and procedures and generally overseeing the entire booking process, to include

overseeing the training of Deputies and evaluating their continued performance.  He may be

served with lawful process of this court.

8. The Defendant, Harrison County Sheriff Deputy, Broderick Fulton, is an adult resident citizen

of Harrison County Mississippi. He is sued in his official and individual capacities.  At all times

material hereto he was employed by the Defendants, Harrison County, Mississippi, Sheriff

George Payne and the Harrison County Sheriff Department.  He may be served with lawful

process of this court.

9. The Defendants', Unknown John and Jane Does, identities are not known to the Plaintiff at this

time. As an example only and not exclusively limited to the same, witnesses have stated that

there were police officers from other jurisdictions and departments present and in some instances

witnesses stated that these officers actually assisted in holding or restraining Larry McDougald,

while others abused him. However, their true identities are unknown at this time and it is

believed that they are adult resident citizens of Harrison County Mississippi and through the

discovery process it is further believed that their true and accurate identities will become known

and at that time the Plaintiff will seek leave of this Honorable Court to amend her Complaint and

to specifically name the unknown persons as Defendants to this action and serve them with

process for wrongs committed and violations against the rights, privileges and immunities of the

Plaintiff, all of which it is alleged were committed in their official and individual capacities, as

employees of the Harrison County Sheriff Department, other State or Municipal entities and/or

other individuals acting in concert with such person, persons or state entities named as

Defendants herein or who may be discovered to have acted in a manner detrimental to the rights,

privileges and immunities of the Plaintiff, Larry McDougald

## JURISDICTION

10. The Plaintiff herein invokes the federal question jurisdiction of this Honorable Court

pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the costs of suit, including

reasonable attorneys' fees, and damages suffered and sustained by the Plaintiff, Larry

McDougald, and caused by the Defendants' blatant violation of the rights, privileges and

immunities of the Plaintiff, Larry McDougald, as guaranteed by the Fifth, Eighth and Fourteenth

Amendments to the Constitution of the United States of America and by the applicable Federal

statutes, more particularly, 42 U.S.C. Sections 1983, 1985(3), 1986 & 1988. Additionally, this

Honorable Court has jurisdiction to adjudicate the pendent or supplemental state claims that

arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as

herein stated.

## VENUE

11. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391(b)

because a substantial part of the real and immediate harm sustained by the Plaintiff occurred in

this judicial district and division.

## COUNT I

## ACTION FOR DEPRIVATION OF CIVIL RIGHTS

### (42 U.S.C. SECTION 1983)

12. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the forgoing paragraphs.

13. At all times material hereto, the present and former Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, the present and former Defendants commenced to engage in a course of conduct, individually and in concert with one another, and to implement a policy, custom, usage, plan or practice wherein the rights, privileges or immunities of the Plaintiff, and others similarly situated, would be and were actually violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Plaintiff's right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and the right against cruel and unusual punishment as set forth in the Eighth Amendment to the Constitution of the United States of America. The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable civil rights, i.e., life, liberty and/or property, the unnecessary and wanton infliction of pain and inhumane torture and treatment in light of the circumstances confronted by the Defendants resulting in a deprivation that was sufficiently serious wherein the Defendants acted, maliciously and sadistically by using force and physical violence designed and intended to cause Plaintiff physical, mental and emotional harm, pain, humiliation and/or injury, and thereafter, evidence a deliberate indifference to the immediate,

grave and serious medical needs of Larry McDougald. As a direct and proximate consequence of the Defendants' actions, the Plaintiff was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, the Plaintiff's Fifth and Fourteenth Amendment rights to procedural and substantive due process and to the equal protection of the laws were violated by the Defendants and possibly other unknown Defendants, together with his Eighth Amendment right proscribing cruel and unusual punishment.

14. At all times material hereto, members of local law enforcement to include the Harrison County Sheriff Department and their agents, representatives, and employees acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those persons whose acts, decisions and edicts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of the Harrison County Sheriff Department and the policies, procedures, customs and approved practices, usages and protocols, some of which were developed, promulgated and caused to be implemented by the ACA, the company that the Harrison County Sheriff's Department and Harrison County, Mississippi, hired to provide certain services including the development and promulgation of new standards and the revision of existing standards, as well as technical assistance in developing good, safe, proper and lawful corrections policies and procedures and corrections training.

15. It is further averred that the Defendants Sheriff George Payne and Captain Rick Gaston, were the governmental officials whose decisions, encouragement and edicts or acts may fairly be said to represent official policy, practices, customs or regulations of the Harrison County, Mississippi, and the Harrison County Sheriff Department. The aforementioned individuals, collectively and individually, developed, planned (or allowed to develop de facto) and implemented the policy,

custom and/or usage that resulted in and cause the injury of Larry McDougald.

## COUNT II

## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

### (42 U.S.C. SECTION 1985)

16. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

17. Their plan was simply to teach the Plaintiff a lesson and to cause him to suffer and endure great pain and suffering through the infliction of physical abuse and deprivation of his protected constitutional rights. This plan culminated in the completion of the agreement and a deprivation of the Plaintiff's constitutional rights when he was severely beaten while in the custody of the Harrison County Sheriff's Department.

18. At all times material hereto, there existed at the Harrison County Adult Detention Center a belief, practice, usage and/or custom that it was perfectly fine to beat and/or abuse detainees while being processed in booking, among other places in the jail. This process of abusive treatment was used as a means to intimidate others who may have observed the abuses while in the booking area because there was a severe lack of adequate man power.

19. The conspiracy to deprive the Plaintiff of certain federally protected rights, privileges and immunities began with a basic agreement among certain officers, that was encouraged by their superiors and sanctioned by the ACA by its failure to properly recommend, suggest, offer, implement, monitor, review and audit adequate policies, procedures, customs and usages that would have prevented same. It is clear from the facts set forth above that the Defendants, in compliance with the acts of th the officers, did willfully, maliciously and negligently engage in

conduct in an agreement to conspire to engage in a course of conduct consistent with the edicts,

acts, policies, procedures, official decisions and mandates of Harrison County, Mississippi,

Sheriff George Payne, and the Harrison County Sheriff Department that resulted in a blatant

violation the Larry McDougald's constitutional rights through their acts of omission and

commission. As a direct and proximate consequence of the aforementioned actions on the date in

question, the Plaintiff was severely injured. Thus the Defendants are jointly and severally liable

to the Plaintiff for the injuries, pain, and suffering.

## COUNT III

### ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY

### (42 U.S.C. SECTION 1986)

20. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the

foregoing paragraphs.

21. These Defendants, along with others both known and unknown persons, knew or reasonable

should have known through the exercise of due diligence, prior to the injury of the Plaintiff, and

the implementation of and completion of the conspiracy to deprive him of his federally protected

rights that such activity regularly took place in the Harrison County Adult Detention Center,

especially in the booking area. There had been previous incidents of abuse and/or allegations of

unnecessary use of excessive force reported by the Harrison County Adult Detention Center.

22. On information and belief during 2005 officials of the Harrison County Adult Detention

Center reported that within the preceding 12 months they had received 54 reports of incidents of

abuse, 22 of those incidents occurred in the booking department and approximately 11 or more

are believed to have involved the same two officers.

23. However, none of these remaining Defendants, who could have intervened did so. Their absence and wholly callous attitude appears to have been orchestrated for the purpose of setting up a defense of denial.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Larry McDougald, prays that upon the filing of this Complaint that this Honorable Court would advance this case on the trial docket for the purpose of commencing a complete trial on the merits as soon as possible and upon the completion of the same enter a judgment granting the following relief: a. enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the actual or compensatory and presumed damages sustained by Larry McDougald demise pursuant to 42 U.S.C. Sections 1983, 1985, 1986, 1988, the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, the corresponding provisions of the Constitution for the State of Mississippi and for the violation of numerous pendent or supplemental state claims arising out of the same set of facts from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, personal injury to his body as a whole but especially his head, hand, chest, internal organs and infliction of emotional distress, mental anguish, pain, suffering, degradation, humiliation, torture, medical expenses, breach of contract and any other injury or claim that may be discovered during the discovery process for which the law holds the Defendants liable and responsible in an amount to be determined by a jury but not less than $1,000,000.00; b. a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in a gross or reckless disregard for the welfare, safety, rights, privileges or immunities of the Plaintiff, Larry McDougald, in an amount to be

determined by the jury but not less than $1,000,000.00; c. a judgment in favor of the Plaintiff and

against the Defendants, jointly and severally, for the Plaintiff's reasonable attorneys' fees pursuant

to 42 U.S.C. Section 1988, all costs of this action and related litigation expenses and expert fees;

d. a judgment for such other relief, general or specific, as the Court may deem appropriate, just

and equitable in the premises.

Respectfully submitted, this the 25th day of August, 2008.

Larry McDougald, Plaintiff

BY: _____

MICHAEL W. CROSBY, (MS BAR# 7888)
2111 25TH AVENUE GULFPORT, MISSISSIPPI 39501
228.865.0313 (phone)/228.865.0337 (fax)