**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**LARRY L. MCDOUGALD**                                                        **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 1:08CV450-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI,**
**BY AND THROUGH ITS BOARD OF**
**SUPERVISORS, HARRISON COUNTY**
**SHERIFF'S DEPARTMENT; GEORGE**
**PAYNE, JR., OFFICIALLY**
**AND IN HIS INDIVIDUAL CAPACITY;**
**RICK GASTON, OFFICIALLY AND**
**IN HIS OWN INDIVIDUAL CAPACITY,**
**BRODERICK FULTON, OFFICIALLY**
**AND IN HIS INDIVIDUAL CAPACITY, AND**
**OTHER UNKNOWN JOHN AND JANE DOES A -Z,**
**IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY**                  **DEFENDANTS**

_____

**MEMORANDUM BRIEF IN SUPPORT OF HARRISON COUNTY SHERIFF'S**
**DEPARTMENT AND  GEORGE PAYNE, JR.'S MOTION TO DISMISS FOR**
**FAILURE TO SERVE  DEFENDANTS**
_____

COMES NOW, Defendants, Harrison County Sheriff's Department and George

Payne, Jr., by and through their attorneys of record, and appearing specially for the limited

and sole purpose of submitting this, their Memorandum Brief in Support of Motion of

Harrison County Sheriff's Department and George Payne, Jr. to Dismiss for Failure to

Serve Defendants, pursuant to Fed. R. Civ. P. 4(m), would state as follows:

I.

The Complaint herein was filed on August 25, 2008, naming Harrison County

Sheriff's Department and George Payne, Jr. as Defendants.  To date, Harrison County

Sheriff's Department and George Payne, Jr. have not been served with a summons and

a copy of the Complaint in this matter.

II.

On December 19, 2008, Plaintiff requested an extension of time to serve the Defendants and the Court granted Plaintiff until February 24, 2009 to serve process upon all Defendants.

III.

From the time the Complaint was filed in this cause, there is no indication that Plaintiff has either requested to be issued, nor has there been issued, a summons by the Clerk.

IV.

Fed. R. Civ. P. 4(m) which governs the time period in which to serve process states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The 120 day period in which the Plaintiff was required to properly serve process on Harrison County Sheriff's Department and George Payne, Jr. expired on December 23, 2008 and the extended time period which the Court granted the Plaintiff has also expired. The Plaintiff has not filed a motion for additional time to serve Harrison County Sheriff's Department and George Payne, Jr. before that deadline, setting out good cause as to why service of process could not be served on the Defendants within the extended period. The Fifth Circuit Court of Appeals has held that "to establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance

of the rules usually does not suffice.'" *Systems Signs Supplies v. U.S. Dept. Of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990).

In the case at bar, the Plaintiff cannot show good cause for the failure to serve Harrison County Sheriff's Department and George Payne, Jr. within 120 days of the filing of the Complaint nor can Plaintiff show "good cause" as to why he has failed to serve Defendants within one hundred and twenty (120) days of the initial filing of his Complaint. Nor can Plaintiff show "good cause" because he has failed to serve Defendants within the time frame set by this Court after Plaintiff's request for additional time to serve process on the Defendants. Further, Plaintiff can not show "good cause" because he has not attempted to have summonses issued by the Clerk, nor has he requested the Clerk to issue summonses.

## CONCLUSION

_____The time frame set by this Court for Plaintiff to serve Defendants has now passed and the Plaintiff has not served process on Harrison County Sheriff's Department or George Payne, Jr. The Plaintiff cannot establish good cause for failure to serve Harrison County Sheriff's Department and George Payne, Jr. As such, pursuant to Rule 4(m), the Plaintiff's Complaint should be dismissed, without prejudice, as to Harrison County Sheriff's Department and George Payne, Jr.

Respectfully submitted, this the 30th day of March, 2009.

HARRISON COUNTY SHERIFF'S DEPARTMENT AND GEORGE PAYNE, JR.

**BY: DUKES, DUKES, KEATING & FANECA, P.A.**

BY:  *s/Cy Faneca*_____
        Cy Faneca

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Michael W. Crosby
211 25th Avenue
Gulfport, MS 3950l

This, the 30th day of March, 2009.

s/Cy Faneca
CY FANECA

Cy Faneca,  MSB #5128
Joe C. Gewin MSB #8851
Haley N. Broom MSB#101838
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS   39502
Telephone:  228/868-1111
Facsimile:  228/863-2886