**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LARRY L. MCDOUGALD** § | | **PLAINTIFF** |
| § | | |
| **V.** § | | **CAUSE NO. 1:08cv450-LG-RHW** |
| § | | |
| **HARRISON COUNTY, BY AND** § | | |
| **THROUGH ITS BOARD OF** § | | |
| **SUPERVISORS; et al.** § | | **DEFENDANTS** |

## ORDER DISMISSING CASE FOR FAILURE TO SERVE PROCESS

BEFORE THE COURT are Defendant Captain Rick Gaston's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 4(m) [6] and Defendants Harrison County Sheriff's Department and George Payne's Motion to Dismiss for Failure to Serve Defendants [8]. Also, before the Court, *sua sponte*, is consideration of the dismissal of the remaining defendants for failure to serve process. Plaintiff Larry L. McDougald brought this action for the alleged abuse he received while detained at the Harrison County Adult Detention Center ("HCADC"). Gaston, the Sheriff's Department, and Payne argue that they should be dismissed for failure to serve them with process. McDougald did not respond. The Court has considered the parties' submissions and the relevant legal authority. Given the clear record of delay, all Defendants are dismissed without prejudice.[1]

### FACTS AND PROCEDURAL HISTORY

McDougald filed this action on August 25, 2008. On December 23, he was granted an extension of time to serve process until February 24, 2009. In granting the extension, Magistrate

---

[1]Although the Defendant Deputy Broderick Fulton has not filed a motion to dismiss, the Court may "on its own" dismiss a case pursuant to Rule 4(m). The rationale applied to the dismissal of this action against the movants applies with equal force to Fulton. No effort has been made to obtain summons or serve process.

Judge Walker noted "that the docket reflects neither a request for, nor issuance of process." (Text Only Order of December 23, 2008). To date, Summonses have never been issued. On February 25, Movants filed the instant motions, to which McDougald has yet to respond.

## DISCUSSION

McDougald has the burden of proving the validity of service of process. *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir.1990). If service is not made within 120 days after the complaint is filed, the court "shall dismiss the action without prejudice to the plaintiff as to that defendant or direct that service be effected within a specified time." FED. R. CIV. P. 4(m). The Court may grant the extension of time, in its discretion, whether or not good cause is shown by the plaintiff. *Henderson v. United States*, 517 U.S. 654, 662-63 (1996); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if the plaintiff does show good cause, then the Court must allow the extension. FED. R. CIV. P. 4(m). To establish good cause, McDougald must demonstrate at least excusable neglect. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). This does not include simple inadvertence, mistake, or ignorance of the law. *Id.*

On this record, the Court finds there is no good cause for failure to effect process. The Court must next consider whether its discretion should be exercised in favor of an extension or dismissal. The discretion to dismiss is not without its limits. Although a dismissal under Rule 4(m) is without prejudice, where the statute of limitations has run, it is effectively with prejudice. *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981). In such a case, the court may only dismiss where there is a clear record of delay or contumacious conduct, and it expressly finds that lesser sanctions would not better serve the interests of justice. *Id.* When the Fifth Circuit has affirmed such dismissals, "it has generally found at least one of three aggravating

factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). Without deciding whether the statute of limitations has run, the Court will consider these principles, out of an abundance of caution.

The Court finds that its discretion should not be given to allow a second extension. Rather this case should be dismissed without prejudice. There is a clear record of delay in this case. No Summonses have been issued as to any defendant. Over nine months have passed since the Court reminded McDougald that he has not sought issuance of Summonses. He has already been granted one sixty day extension. Since then, the record reflects no activity on his part, let alone any attempt to serve process. Over seven additional months have passed since the first extension lapsed, and McDougald has not sought leave for another extension, has not made any attempt to serve, and has not defended against the present motions to dismiss. The Court further finds that lesser sanctions would not serve the ends of justice in this case. Given McDougald's failure to act after a previous extension, the Court is not convinced that sanctions lesser than dismissal will suffice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendant Rick Gaston's Motion to Dismiss [6] and Defendants Sheriff Department and George Payne's [8] Motion to Dismiss should be and are hereby **GRANTED**. This case is dismissed without prejudice as to all Defendants.

**SO ORDERED AND ADJUDGED** this the 24th day of September, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE